IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                              No. 15-cr-0190-001 RB
                                                   No. 13-cr-3078-002 RB

**CARLOS SALAS AQUINO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant's Motion for Sentence Relief under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003 (Motion), filed on September 14, 2015. (Docs. 22 and 61.) The Government has not responded to the Motion. Having considered the Motion, the Court denies the Motion.

       Defendant moves under 18 U.S.C. § 3624(g) for the Court to order the Bureau of Prisons to release him early because he is a non-violent offender. If the Court construes the Motion as a Fed. R. Crim. P. 35(a) motion to correct a sentence, the motion is untimely, because Defendant filed the Motion more than 14 days after sentencing. *See* Rule 35(a) (court has 14 days after sentencing to correct sentence for "arithmetical, technical, or other clear error."). Moreover, if the Court construes the Motion as a 28 U.S.C. § 2241 motion for *habeas corpus* relief, the Court must dismiss the Motion for lack of jurisdiction, because Defendant did not file the Motion in the district where he is confined.[1] *See Montalvo v. Werlizh*, 461 Fed. Appx. 818, 819 (10th Cir.

---

1 Defendant is confined in Texas. (Docs. 22 and 61.)

2012). Finally, Defendant relies on Section 3624(g) in his Motion. This section was never enacted into law. *See* 18 U.S.C. § 3624. For all of the above reasons, the Court denies Defendant's Motion.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Sentence Relief under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003 (Docs. 22 and 61) is denied.

_____
**UNITED STATES DISTRICT JUDGE**